UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIK LUCIA

    Plaintiff,

v.                                          Case No. 8:20-cv-2332-TPB-CPT

BOB GUALTIERI, in his Official
Capacity as Sheriff of
Pinellas County, Florida,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY AND/OR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This matter is before the Court on "Defendant's, Bob Gualtieri in his Official Capacity as Sheriff of Pinellas County Florida, Motion to Stay and/or Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law," filed on November 12, 2020. (Doc. 7). Plaintiff has not filed a response. Upon review of the motion, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff Dominik Lucia alleges that during the course of executing an arrest warrant on him, officers employed by the Pinellas County Sheriff's Office, without identifying themselves, grabbed him from behind and attempted to force him to the

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

ground.  He alleges that after a struggle, he was thrown to the ground with officers "dog piling" on top of him.  Despite the lack of any potential harm or flight risk by Plaintiff with the officers on top of him, Officer Aiken, without warning, released a canine, which bit Plaintiff on the shoulder and arm.  Aitken then struck Plaintiff with his closed fist on the left side of his face.  Although the officers assessed Plaintiff for injuries, they did not notice the lacerations on his chest and shoulder from the canine and he received no medical treatment for those injuries until hours afterward.

Plaintiff has sued Sheriff Gualtieri in his official capacity.  Count I of the complaint asserts a § 1983 claim under the Fourteenth Amendment for the use of excessive force.  Count II asserts a state law claim for battery.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233

(M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Motion to Stay*

Section 768.28, *F.S.*, provides that for suits against a state agency, the submission of a claim to the agency and the agency's denial of the claim are conditions precedent to filing suit, unless six months have elapsed since the submission with no action on the claim by the agency.  *See* § 768.28(6)(a), (d), *F.S.*  Plaintiff's complaint alleges that Plaintiff timely submitted a notice of claim and that Defendant rejected the claim.  Defendant's motion argues that Plaintiff provided the notice of claim on June 18, 2020, that the Sheriff's Office did not, in fact, deny the claim, and that Plaintiff's lawsuit is therefore premature.

Plaintiff filed suit on October 5, 2020, which is less than six months from the date Defendant asserts he provided the notice of claim.  Therefore, it does appear the suit was filed prematurely.  Defendant, however, is not entitled to a stay.  At the time Defendant filed his motion on November 12, 2020, six months had not yet

elapsed from the notice of claim. More than six months have passed at this point, however, and nothing in the record indicates that Defendant has taken action on Plaintiff's claim. The motion to stay is therefore due to be denied as moot. *See Hattaway v. McMillian*, 903 F.2d 1440, 1445-47 (11th Cir. 1990) (holding that arguments based on filing suit before the expiration of the six-month statutory period are rendered moot once that time period has elapsed); *Lundgren v. McDaniel*, 814 F.2d 600, 606 (11th. Cir. 1987) (district court acted within its discretion in allowing amended complaint, rather than dismissing, when six months had elapsed following the plaintiff's submission of statutory notice of claim). In the event Plaintiff files an amended complaint, Plaintiff should plead facts regarding the status of the statutory notice of claim.

***Motion to Dismiss***

Shotgun Pleading

Defendant argues that the complaint should be dismissed as a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

    (2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

    (3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

    (4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

    The complaint incorporates into Count II every preceding allegation, including those of Count I. The complaint therefore constitutes a shotgun pleading and is due to be dismissed without prejudice.

    <u>Fourteenth Amendment</u>

    Defendant next argues that Count I fails to state a claim under the Fourteenth Amendment. A claim under the Fourteenth Amendment for the use of excessive force will not lie unless the plaintiff was a pretrial detainee. *Nicholes v. Jano*, No. 8:18-cv-774-T-60AEP, 2020 WL 2615529, at *4 (M.D. Fla. May 22, 2020); *C.P. by and Through Perez v. Collier Cty.*, 145 F. Supp. 3d 1085, 1091-92 (M.D. Fla. 2015). Here, Plaintiff alleges the use of excessive force during the course of his arrest. Because Plaintiff was not a pretrial detainee when the arrest occurred,

Count I fails to state a claim that Plaintiff's Fourteenth Amendment rights were violated and is due to be dismissed.

The Court declines to address the other arguments raised in Defendant's motion at this time, but Defendant may raise them, if appropriate, if Plaintiff files an amended complaint. The complaint will be dismissed without prejudice with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's, Bob Gualtieri in his Official Capacity as Sheriff of Pinellas County Florida, Motion to Stay and/or Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. 7), is **GRANTED IN PART** and **DENIED IN PART.**

2. To the extent the motion seeks a stay of this action it is **DENIED AS MOOT**.

3. To the extent the motion seeks dismissal of the complaint, it is **GRANTED**.

4. The complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint on or before February 24, 2021. Failure to file an amended complaint by the deadline will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd of February, 2021.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**