**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION

DOMINIK LUCIA,

      Plaintiff,

                                CASE NO.:8:20-cv-2332-T60CPT
v.                                   DIVISION:

BOB GUALTIERI, in his Official Capacity as
Sheriff of Pinellas County, Florida,

      Defendant.

_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

      COMES NOW, Plaintiff DOMINIK LUCIA, by and through his undersigned counsel,

and hereby files this Complaint and Demand for Jury Trial against the Defendant, BOB

GUALTIERI, while acting in his Official Capacity as Sheriff of Pinellas County.

**INTRODUCTION**

    1.   This is an action brought by a United States Citizen, Dominik Lucia, who on September

9th, 2019, was placed under arrest and into the custody of the Pinellas County Sheriff's Office

("PCSO"). PCSO is a police agency under the control of the Defendant Bob Gualtieri, and he

was acting in his official capacity as the Sheriff of Pinellas County, Florida. During the course of

his arrest, Mr. Lucia was subjected to an unreasonable use of force by deputies working for

PCSO, causing Mr. Lucia to suffer severe physical injuries that required professional medical

attention.

    2.   Mr. Lucia alleges that the arresting officers, employed by Defendant and acting within

the course and scope of their employment, committed the state law torts of battery and

negligence. As required by § 768.28(9)(a), Fla. Sta. (2019), Defendant is named in his official capacity as the Defendant in Mr. Lucia's claims.

## PARTIES

3.   Plaintiff Dominik Lucia is an adult United States citizen and is a resident of the State of Florida and of Pinellas County.

4.   Defendant Bob Gualtieri is the Sheriff of Pinellas County, Florida and is sued in his official capacity on the supplemental state law claim of battery. He is also sued in his official capacity on the federal constitutional claims because his failure to train deputies rises to the level of an official governmental policy, custom, or usage of his agency, and that violation caused Mr. Lucia's constitutional rights to be violated.

5.   At all times relevant to this action, the heretofore unnamed nonparty individuals who inflicted the physical harm upon Plaintiff were employees of and working within the scope and course of their employment for PCSO; these individuals remain unnamed at the filing of this action as discovery is ongoing.

## JURISDICTION AND VENUE

6.   This action arises under Florida common law and is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and the Fourth Amendment to the United States Constitution.

7.   This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 1343(a)(3).

8.   This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.   All incidents material to this action occurred in Pinellas County, Florida, and Defendant is a state constitutional officer serving Pinellas County, Florida. Venue is thus appropriate in this Court pursuant to Local Rule 1.02(b)(4).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. Plaintiff has filed a timely Notice of Claim pursuant to Fla. Stat. § 768.28 regarding Plaintiff's state tort claims against Defendant and said Defendant has rejected the claim and at the time this Amended Complaint is being filed more than 180 days has passed since the filing of that Notice of Claim; there is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

11. On or about September 9, 2019, Plaintiff DOMINIK LUCIA suffered severe and lasting injuries after being subjected to excessive use of force by officers employed by PCSO, which is under the direct control and supervision of Defendant.

12. On the above date, officers of the PCSO were attempting to execute an arrest warrant on Mr. Lucia. During the course of this arrest, plain-clothed officers, without identifiable markings or commands to identify themselves as officers, grabbed Mr. Lucia from behind and attempted to force him to the ground.

13. As Mr. Lucia struggled against his (justifiably perceived) unknown assailants, additional officers joined in the struggle. Eventually, Mr. Lucia was violently thrown to the ground in a dog-pile with multiple officers on top of him, crushing him into submission.

14. Once the arresting officers identified themselves, Mr. Lucia complied with requests and did not resist arrest.  Still, all several arresting officers dog piled on top of Mr. Lucia.  Officer Aitken observed the proceedings and the lack of harm or flight risk that Mr. Lucia posed to the

officers due to the sheer amount of weight on top of him. Nevertheless, Officer Aitken released

his canine with commands to bite and hold Mr. Lucia.  Prior to releasing the canine, no verbal

warnings were given to Mr. Lucia that the police canine would be released.

15. As Mr. Lucia struggled to stay conscious with the multiple officers on top of him, and as

the police canine forcibly bit into his shoulder and arm, Officer Aitken walked up to Mr. Lucia

and struck him with a closed fist directly on the left side of his face.

16. During this entire ordeal, Mr. Lucia was attempting to comply with the officers

conflicting and confusing commands such as "Get down," "Stop moving," "Stay still," and "Put

your arms behind your back." His compliance only earned him physical abuse and pain as

brought on by the PCSO officers.

17. The use of force by officers, especially by Officer Aitken, was clearly excessive. The use

of a police canine was not an objectively reasonable measure when multiple adults had already

subdued Mr. Lucia and he presented no harm or danger to officers, himself, or others nearby.

18. The use of force by punching Mr. Lucia during Mr. Lucia's compliance with commands

from the arresting offices, and while several officers were on top of him, and after canines had

been deployed was excessive.

19. As a result of this excessive force and harsh mistreatment, Mr. Lucia was forced to

undergo medical care and procedures to restore himself to a pre-arrest physical condition.

20. Plaintiff's injuries were inflicted upon him by officers working within the course and

scope of their employment for PCSO, which is under the direct supervision of the Defendant.

21. All conditions precedent to the initiation or maintenance of this action have been

performed by Plaintiff, or have occurred, or have been waived.

### COUNT I:

## EXCESSIVE USE OF FORCE PURSUANT TO 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTH AMENDMENT

22. Plaintiff Dominik Lucia repeats and re-alleges paragraphs 1through 21 above as if fully set forth herein and further alleges:

23. This Count is brought pursuant to 42 U.S.C. § 1983 to redress violations of the Fourth Amendment to the United States Constitution.

24. Under the 4th Amendment of the United States Constitution, Plaintiff had a constitutional right to be free from excessive force during his arrest.

25. Officer Aitken, while acting under the command and control of the Defendant in his official capacity as Sheriff of Pinellas county, punched Plaintiff when he was not resisting arrest and was already detained by several police officers and canine officers.

26. Officer Aitken's use of force was an objectively unreasonable use of force given the circumstances.

27. Further, Officer Aitken's deployment and command for the canine officer to seize the Plaintiff when he was not resisting arrest and was already being restrained by several police officers was unnecessary and an objectively unreasonable use of force given the circumstances.

28. Plaintiffs actions at the time a canine was deployed on him did not constitute a security problem and could not reasonably be perceived to be a threat.

29. Plaintiffs action at the time Officer Aitken punched him did not constitute a security problem and could not reasonably be perceived to be a threat.

30. At the time the actions Office Aitken deployed the canine officer and punched the Plaintiff, it was clearly established that excessive use of force against an individual who is not resisting is excessive and is a violation of a person's 4th amendment constitutional rights.

WHEREFORE, Plaintiff Dominik Lucia hereby demands judgment against Defendant for the damages defined herein, any and all other compensatory damages for injuries suffered by Plaintiff, together with costs, interests, and such other and further relief as this Court may deem proper.

**COUNT II:**
**Supplemental State Law Battery Claim**
**Against Defendant Bob Gualtieri, in his Official Capacity**

31. Plaintiff Dominik Lucia repeats and realleges paragraphs 1 through 21 above as if fully set forth herein and further alleges.

32. Officer Aitken, while acting under the command and control of the Defendant in his official capacity as Sheriff of Pinellas county, punched Plaintiff when he was not resisting arrest and was already detained by several police officers and canine officers.

33. Officer Aitken's use of force was an objectively unreasonable use of force given the circumstances.

34. Further, Officer Aitken's deployment and command for the canine officer to seize the Plaintiff when he was not resisting arrest and was already being restrained by several police officers was unnecessary and an objectively unreasonable use of force given the circumstances.

35. Plaintiffs actions at the time a canine was deployed on him did not constitute a security problem and could not reasonably be perceived to be a threat.

36. Officer Aiken, the canine officer who released the dog and ordered its attack on Mr. Lucia, was employed by PCSO when he committed the state law tort of battery against Plaintiff, and is actionable against Defendant Bob Gualtieri, the Sheriff of Pinellas County, in his official capacity, pursuant to § 768.28(9)(a), Fla. Sta. (2019). This officer did intentionally and harmfully touch Mr. Lucia without his consent and without any legal justifiable reason. By inflicting the

dog wounds upon him while restrained by officers and harmfully applying an amount of force

that is unreasonable and excessive under the circumstances, the unnamed correctional officers

committed the Florida common law tort of battery while acting within the course and scope of

their employment by Defendant.

37. As a result of the battery committed upon plaintiff, Mr. Lucia suffered damages and loses

as described above.

WHEREFORE, Plaintiff Dominik Lucia hereby demands judgment against Defendant

for the damages defined herein, any and all other compensatory damages for injuries suffered by

Plaintiff, together with costs, interests, and such other and further relief as this Court may deem

proper.

## DAMAGES

38. As a direct and proximate result of the aforementioned acts and/or omissions committed

by Defendant Bob Gualtieri, Sheriff of Pinellas County, Plaintiff's constitutional rights were

violated and Plaintiff suffered injuries and resulting damages; as such, Plaintiff seeks recovery

from Defendant for all damages to which Plaintiff may be entitled under both state and federal

law for the injuries and damages sustained, including, but not limited to, the following:

    a.   Physical pain and suffering of a past, present, and future nature;

    b.   Emotional pain and suffering of a past, present, and future nature;

    c.   Permanent impairment of a past, present, and future nature;

    d.   Loss of enjoyment of life of a past, present, and future nature;

    e.   Pre- and post-judgment interests for all 42 U.S.C. § 1983 claims;

    f.   Post-judgment interests for any state law claim;

    g.   Statutory and discretionary costs;

h.  Attorneys' fees where permitted by 42 U.S.C. § 1988 or state law;

i.  All such further relief, both general and specific, to which Plaintiff may be entitled

under the circumstances detailed herein.

41. Plaintiff reserves the right to amend this Complaint to add parties and to include a claim

for punitive damages once the proper procedures have been followed pursuant to § 768.72, Fla.

Stat.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable. DATED this 24th day

February of 2021.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

electronic filing on Nicole Durkinm, Esquire at ndurkin@pcso.net and amarcott1@pcso.net.

Respectfully submitted,

/s/ *Jeremy S. Clark*
JEREMY S. CLARK, ESQUIRE
Florida Bar No.: 0064753
Clark Law
10812 Gandy Blvd
St. Petersburg, Florida 33702
Ph. 727-202-6917, Fax 727-202-6918
Jeremy@tampabayfloridalawyers.com
Cari@tampabayfloridalawyers.com
Rose@tampabayfloridalawyers.com
Linda@tampabayfloridalawyers.com
Service@tampabayfloridalawyers.com
Trial Counsel for Plaintiff